**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| JEFFREY FRANCE, | * | |
| Petitioner, | * | |
| v. | * | Case No.: GJH-20-631 |
| WARDEN, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In a limited response to the above-entitled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Respondent asserts that the Petition should be dismissed because it is time-barred and does not state a federal claim. ECF No. 11. Petitioner Jeffrey France filed a Reply. ECF No. 15. No hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (holding that a petitioner is not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons discussed below, the Petition shall be dismissed and a certificate of appealability shall not issue. *See infra* §§ III, IV.

Also before the Court are Petitioner's Motion for Emergency Transfer, ECF No. 10, and Petitioner's Motion to Strike Respondent's Limited Response, ECF No. 13.[1] The Court briefly

---

[1] Also pending in this case are: (1) Respondent's Motion for Extension of Time, ECF No. 9, which the Court now grants; (2) Petitioner's Motion for Appointment of Counsel, ECF No. 12, which the Court denies because no hearing is deemed necessary in this case, *see* Rule 8(c), *Rules Governing Section 2254 Cases in the United States District Courts* ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."); *see also* Rule 1(b), *Rules Governing Section 2254 Cases in the United States District Courts* (permitting this Court to apply any or all of the rules governing § 2254 cases to habeas corpus petitions not otherwise covered by the rules); and (3) Petitioner's Motion for Extension of Time to File a Reply, ECF No. 14, which this Court denies as moot because Petitioner timely filed his Reply on

addresses those motions here.

Petitioner's Motion for Emergency Transfer seeks a transfer to a different prison based on an asserted danger to his safety. ECF No. 10 at 1–2. However, Petitioner's Motion for Emergency Transfer is not the proper avenue to address his concerns. Should Petitioner continue to believe his fears are not being adequately addressed by correctional staff, the appropriate cause of action is a separate civil rights action under 42 U.S.C. § 1983, following exhaustion of administrative remedies. Thus, the Court denies, without prejudice, Petitioner's Motion for Emergency Transfer.

Petitioner's Motion to Strike Respondent's Limited Answer is based on his assertion that Respondent's Limited Answer violates this Court's Order to Show Cause. ECF No. 13. Petitioner's assertion is without merit. This Court directed Respondent to provide "all relevant opinions, materials, and transcripts" with its Answer. ECF No. 7. The materials filed are relevant to the arguments made by Respondent.

## I.     BACKGROUND

On January 17, 2013, Petitioner France pleaded guilty to second-degree assault. ECF No. 11-1 at 4. The Circuit Court for Harford County (the "circuit court") sentenced France to ten years of incarceration, suspending all but eighteen months, followed by three years of supervised probation. *Id.* at 13. The circuit court, as a condition of probation, also ordered France to refrain from contacting the victim of the assault, except regarding visitation and custody matters.[2] *Id.* at 15.

---

February 3, 2021, ECF No. 15, less than 30 days after Respondent filed its Limited Answer, ECF No. 11; *see* ECF No. 7 (allowing Petitioner to file a reply within 30 days after service of Respondent's Answer).

[2] The victim of the assault is the mother of Petitioner's child. ECF No. 1-1 at 3.

While France did not file an application for leave to appeal the conviction, on June 12, 2013, France filed a "Petition for Judicial Review," which the circuit court construed as a petition for post-conviction relief. *Id.* at 17–26, 38.[3]

In 2014, during France's incarceration, in violation of his conditions of probation, he sent a threatening letter to the victim of the assault. ECF No. 1-4 at 27–29. As a result, on December 2, 2014, while France remained incarcerated and before the beginning of his probationary period, the circuit court revoked his probation. ECF No. 1 at 2; ECF No. 1-4 at 13; ECF No. 11-1 at 27. The circuit court imposed eight years and six months of the previously suspended portion of his sentence, with all but four years suspended, followed by a period of three years supervised probation. ECF No. 11-1 at 27. The court again ordered that France have no contact with the victim, "not even with respect to the minor child." ECF No. 1-1 at 3.

France filed an application for leave to appeal the revocation of his probation with the Maryland Court of Special Appeals on December 11, 2014, arguing that "the violation of probation . . . was not ripe for adjudication as the Defendant had not yet been released from the original sentence[.]" ECF No. 11-1 at 63–64. The Maryland Court of Special Appeals denied France's application on July 1, 2015, ECF No. 1-1 at 3 (citing *France v. State*, No. 2646, Sept. Term 2014 (Md. Ct. Spec. App. July 1, 2015)); ECF No. 1-4 at 12. France then, on July 24, 2015, filed a petition for writ of certiorari with the Maryland Court of Appeals, ECF No. 1-4 at 12, which was denied in September 2015. *Id.* at 11; ECF No. 11-1 at 39.

In addition to France's direct appeal of the circuit court's revocation of his probation,

---

[3] Respondent alleges that France also filed two motions to correct an illegal sentence in 2014, both of which were denied shortly after their filing. ECF No. 11 at 6, 13. Petitioner appealed the first of these denials, but the Court of Special Appeals upheld the denial in April 2015. ECF No. 11 at 6 (citing *France v. State*, No. 1076, Sept. Term 2014 (Md. Ct. Spec. App. Apr. 15, 2015)).

France filed a Petition for Reduction and/or Modification of Sentence pursuant to Maryland Rule 4-345 on December 8, 2014, ECF No. 11-1 at 28–29, which, at France's request, the circuit court held *sub curia*, *id.*; ECF No. 1-4 at 13 ("hold *sub curia*"). France's December 8, 2014 Petition did not enumerate any specific basis for relief. ECF No. 11-1 at 28–29. France filed a second Petition for Modification of Sentence on May 12, 2015, requesting work release and referencing the circuit court's previous acceptance of his Petition for Reduction and/or Modification of Sentence. ECF No. 11-1 at 30–31.[4] The circuit court summarily denied France's Petition on May 20, 2015. ECF No. 11-1 at 30.

On August 14, 2015, while his original petition for post-conviction relief was still pending, France filed an Addition to Post Conviction Relief, ECF No. 11-1 at 39,[5] alleging, as he had in his direct appeal of the 2014 revocation of probation, that his probation was illegally revoked because he had not yet been released from the underlying sentence. *Id.* at 44. However, France did not address this issue at the post-conviction hearing, which took place on April 22,

---

[4] Maryland Rule 4-345 allows the circuit court: (a) to correct an illegal sentence at any time; (b) to revise a sentence in the case of fraud, mistake, or irregularity; (c) to correct an evident mistake in the announcement of a sentence; (d) in desertion and non-support cases, to modify, reduce, or vacate the sentence or place the defendant on probation any time before the expiration of the sentence; and (e) "[u]pon a motion filed within 90 days after imposition of a sentence . . . , whether or not an appeal has been filed," to revise a sentence for any other reason. Md. Rule 4-344(a)–(e). France's first Petition for Modification and/or Reduction of Sentence, which the circuit court held *sub curia*, does not specify which subsection of Rule 4-345 it is invoking, but rather appears to reserve all future arguments for modification or reduction. ECF No. 11-1 at 28–29. As to France's second Petition for Modification of Sentence, from the plain language of the motion, the Court concludes that subsection (e), which requires a timely motion, is the only subsection of Rule 4-345 applicable to France's request for modification. ECF No. 11-1 at 30 (requesting a modification of Petitioner's sentence in the form of a work release). However, on its own, France's second petition is untimely. *Compare* ECF No. 1 at 2 ("On 12-2-14 the circuit court of Harford County revoked the Petitioner's probation[.]") *with* ECF No. 11-1 at 30 (noting France's filed the Petition for Modification on May 12, 2015). Thus, the Court will consider France's second Petition for Modification, which references the circuit court's acceptance of his first petition and explicitly requests a hearing, as a request for a hearing on France's timely-filed first Petition for Modification and/or Reduction, which until then had been held *sub curia*. Consequently, both Petitions were denied on May 20, 2015. The Court's interpretation is supported by Petitioner's acknowledgement that the circuit court has denied every motion he has filed challenging the 2014 revocation of his probation. ECF No. 11-1 at 57.

[5] *But see* ECF No. 1-4 at 12 (stating that Addition to Post Conviction Petition was filed on May 19, 2015).

4

2016. *Id.*; ECF No. 1-4 at 10. The circuit court denied post-conviction relief on May 12, 2016. *Id.* at 38–55.

France next filed a writ of habeas corpus in the circuit court on July 27, 2016. ECF No. 11-1 at 58–61. In that writ of habeas corpus, France alleged that he entered into a binding plea agreement on January 17, 2013, and that he was never advised during the proceedings that his probation could be revoked during his incarceration. *Id.* at 58. France argued that Maryland Rule 4-243 requires that the terms of a plea agreement be made plain on the record in the presence of the defendant. *Id.* at 59. He further claimed that, since he did not commit a new offense, he did not violate an implied condition of his probation. *Id.* at 60–61. In France's view, the circuit court lacked authority to revoke his probation before it began "for bad behavior or misconduct that does not amount to a violation of the criminal law." *Id.* at 36. The circuit court rejected these arguments and denied France's July 27, 2016 Writ of Habeas Corpus on August 16, 2016. ECF No. 11-1 at 58; ECF No. 1-4 at 9.

From the records before the Court, it appears France then filed another writ of habeas corpus on November 1, 2017, although it is unclear to the Court what arguments that habeas petition contained. ECF No. 1-4 at 8; ECF No. 11-1 at 9. On November 20, 2017, the circuit court denied France's November 1, 2017 Writ of Habeas Corpus as well. ECF No. 1-4 at 7; ECF No. 11-1 at 9.

Also in 2017, France sent additional threatening letters to the assault victim. ECF No. 1-1 at 3. Consequently, on January 25, 2018, after a hearing, the circuit court again revoked France's probation, ordered him to serve the balance of his sentence, and did not suspend any portion of the sentence. *Id.*, ECF No. 1-4 at 5–6.

France filed a Notice of Appeal to the Maryland Court of Special Appeals on February

26, 2018. ECF No. 11-1 at 56–57; ECF No. 1-4 at 5. It is unclear from the records provided by the parties what judgment France was appealing. ECF No. 11-1 at 56–57. Nevertheless, France's February 2018 Notice of Appeal reiterates his argument that the 2014 "revocation of probation [was] not authorized for bad behavior or misconduct that does not amount to a violation of criminal law[.]" *Id.* at 57. On August 27, 2018, the Maryland Court of Special Appeals dismissed the appeal, on its own initiative, pursuant to Maryland Rule 8-602(b)(1). ECF No 1-5 at 14; Md. Rule 2-602(b)(1) ("The Court shall dismiss an appeal if: (1) the appeal is not allowed by these Rules or other law[.]").

On August 6, 2018, France filed a Motion to Correct Illegal Sentence. ECF No. 11-1 at 33–36; ECF No. 1-4 at 4, 30–33. This Motion made identical arguments to those found in Petitioner's July 2016 Writ of Habeas Corpus and virtually equivalent to those he made during his direct appeal of the 2014 probation revocation. ECF No. 11-1 at 33–36; ECF No. 1-4 at 30–33. The circuit court denied France's Motion as "previously addressed" in a marginal order dated October 3, 2018. ECF No. 11-1 at 33; ECF No. 1-4 at 30. France appealed the summary denial of his motion to the Maryland Court of Special Appeals on October 24, 2018. ECF No. 1-1 at 3; ECF No. 1-4 at 4.

The Court of Special Appeals, in an opinion dated September 30, 2019, affirmed the circuit court's decision revoking France's probation. ECF No. 11-1 at 65–68; ECF No. 1-1 at 2–5. In doing so, the appellate court found that France's claim was not a proper one to bring pursuant to Maryland Rule 4-345(a) because the sentence was not inherently illegal. ECF No. 1-1 at 5. Further, the appellate court observed that "[a] court . . . may revoke a defendant's probation before the probationary period begins, *see Matthews v. State*, 304 Md. 281 (1985); *McKinney v. State*, 239 Md. App. 297 (2018), *cert. denied*, 462 Md. 573 (2019), and whether the

court errs in doing so is a matter subject to appellate review upon this Court's granting of a timely filed application for leave to appeal." *Id*. The court then concluded that it would not revisit the decision to deny France's application for leave to appeal the decision revoking his probation. *Id*. Consequently, in December 2019, France filed a Petition for Writ of Certiorari, which the Maryland Court of Appeals denied on February 28, 2020. ECF No. 11-1 at 11; ECF No. 1-1 at 1.

France filed the instant Petition for Writ of Habeas Corpus in this Court on March 5, 2020. ECF No. 1-6 at 1 (postmark date). In his petition, Frances again alleges that the 2014 revocation of probation was improper because the period of probation was not scheduled to begin until his release from prison. *Id*. at 2. He claims the court "failed to provide advance notice that [he] was subject to conditions of probation during incarceration." *Id*. This lack of clarity, France argues, violates due process and the content of Maryland Rule 4-243. *Id*. at 2–4.

Respondent, in its Limited Answer, filed January 15, 2021, advances two reasons why the petition should be dismissed: (1) the petition is untimely; and (2) the petition does not raise a claim that is cognizable for purposes of federal habeas review. ECF No. 11 at 7. In his reply, filed February 3, 2021, France argues that his petition is timely because his federal habeas petition "is an appeal of the motion to correct illegal sentence filed 9-6-18 and not the 1-17-13 sentence contended by the Respondent[.]" ECF No. 15 at 1. France states that he "could not file an appeal of the 1-17-13 sentence raising the issue of improper notification of conditions of probation because the issue was not known or apparent until the revocation of probation." *Id*. Finally, France argues that his "claim that proper notification of conditions of probation is constitutionally required is in fact sufficient to establish a cognizable Federal claim" and, in support, cites a Sixth Circuit case, *Tiitsman v. Black*, 536 F.2d 678 (6th Cir. 1976). *Id*. at 2.

## II.    STANDARD OF REVIEW

An application for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447, 455 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also White v Woodall,* 572 U.S.415, 419–20 (2014) (stating that a state prisoner must show the state court ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement" (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011))).

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under § 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

8

jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an *incorrect* application of federal law." *Id*. at 785 (emphasis in original).

Further under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id*. (internal quotation marks and citations omitted). "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett,* 559 U.S 766, 773 (2010) (quoting *Williams*, 529 U.S. at 410).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Fourth Circuit has further emphasized the demanding standard of review, holding that "[w]here the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id*.

Absent a violation of a constitutional right or federal law, a federal habeas petitioner fails

to state a cognizable claim for relief. *Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) (per curiam) (holding "Federal courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law.").

## III. DISCUSSION

A one-year period of limitations applies to federal habeas petitions filed by prisoners in custody under a state judgment. 28 U.S.C. § 2244. The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Nevertheless, "the limitations period does not begin to run anew for a year following denial of the state post conviction remedies[,]" rather, after a post-conviction proceeding terminates, the limitations period begins running again with the same number of days remaining as were remaining when the post-conviction claim was filed. *Gray v. Waters*, 26 F. Supp. 2d 771, 772 (D. Md. 1998).

10

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by respondents contributed to his delay in filing the petition or that circumstances beyond his control caused the delay. *See Harris*, 209 F.3d at 330. France does not contend he is entitled to an equitable tolling of the limitations period, nor does the record support the same.

Respondent maintains that France's petition is untimely because it was filed beyond the one-year mark following the original guilty plea proceedings plus the period he could have filed an application for leave to appeal. ECF No. 11 at 8–11. In France's case, however, the circuit court revoked his probation twice for violating the conditions of his probation, resulting in two "Amended Converted Sentences[.]" *See* ECF No. 1-4 at 5, 13. The first revocation of probation occurred on December 2, 2014, and resulted in the issuance of a new commitment record. ECF No. 11-1 at 27. The second revocation of probation occurred on January 25, 2018. *Id*. at 10. "Courts have long acknowledged[,] and the Supreme Court has confirmed[,] that a final judgment of conviction includes both the adjudication of guilt (or 'conviction') and the sentence." *In re Gray*, 850 F.3d 139, 141 (4th Cir. 2017) (citing *Deal v. United States*, 508 U.S. 129, 132 (1993), *United States v. Dodson*, 291 F.3d 268, 272 (4th Cir. 2002)). Consequently, "when a defendant is resentenced, he or she is confined pursuant to a new judgment even if the adjudication of guilt is undisturbed." *Gray*, 850 F.3d at 142.

In France's case, there are three potential dates of final judgment the Court must consider when calculating the one-year filing deadline for federal habeas corpus relief: the date the guilty

plea proceedings became final and the two dates the revocation of probation proceedings became final. Respondent relies on the earliest date—the date the guilty plea proceedings became final—to conclude that the petition is time-barred. The Court rejects Respondent's calculation of the limitations period but nevertheless concludes France's habeas petition is barred by 28 U.S.C. § 2244(d).

France's habeas petition relates solely to the 2014 revocation of probation. Nothing in the petition can fairly be construed as challenging the 2018 revocation of probation, and all the documents France submits in support of his petition pertain to the 2014 revocation.[6] Thus, the date the 2014 revocation proceedings became final is the operative date for determining whether the pending petition is timely filed.

France's probation was revoked on December 2, 2014. ECF 11-1 at 27. France filed an application for leave to appeal on December 11, 2014. *Id*. at 63–64. The application was denied by the Court of Special Appeals on July 1, 2015, and the mandate issued on August 5, 2015. ECF No. 1-4 at 12, *see also* ECF No. 11-1 at 68 (dicta referring to denial of appellate review following 2014 revocation). Petitioner filed a Petition for Writ of Certiorari on July 24, 2015, ECF No. 1-4 at 12, which the Maryland Court of Appeals denied in September 2015, ECF No. 1-4 at 11. Thus, the 2014 revocation of probation became final on September 2015.

Properly filed post-conviction proceedings toll § 2244's limitations period. 28 U.S.C. § 2244(d)(2). France's post-conviction petition was filed on June 12, 2013, and France

---

[6] Respondent's assertion that France's claims relate back to the original conviction and sentence is also untenable. France could not have discovered the facts relevant to his habeas claim—which argues France was not properly advised that the terms of probation applied during his incarceration—until the circuit court revoked his probation for the first time in 2014. *See* 28 U.S.C. § 2244(d)(1)(D).

12

supplemented that petition with arguments regarding the 2014 revocation on August 14, 2015.[7] ECF No. 11-1 at 17, 39. The circuit court denied post-conviction relief on May 13, 2016. *Id.* at 38–55. France did not file an application for leave to appeal the denial of post-conviction relief, and his time for doing so expired on June 13, 2016. *See* Md. Rule 8-204(b)(2) (application for leave to appeal must be filed within 30 days of the date of judgment from which appeal is sought). Thus, 28 U.S.C. § 2244's limitations period was tolled from September 2015, when the 2014 revocation became final, until June 13, 2016. The limitations period began to run for the first time on June 13, 2016.[8]

Forty-three days later—with 322 days left in the limitations period—on July 27, 2016, France's state habeas petition, challenging the 2014 revocation, again triggered 28 U.S.C. § 2244's tolling provision. ECF No. 1-4 at 9; ECF No. 11-1 at 58–61. France's state habeas petition was denied on August 16, 2016. ECF No. 11-1 at 58. Thus, the statute of limitations began to run again on August 16, 2016.[9] The deadline for France to file a federal habeas petition regarding the 2014 revocation of probation was therefore July 5, 2017.[10] He did not file his

---

[7] Respondent incorrectly states that the Petition for Judicial Review which was construed as a petition for post-conviction relief does not relate to the case at hand. However, the case number noted on both the petition and the memorandum opinion, 12K-12-1461, is this case. *See* ECF No. 11-1 at 17, 38.

[8] France also filed, pursuant to Maryland Rule 4-345, a Petition for Reduction and/or Modification of Sentence on December 8, 2014, ECF No. 11-1 at 28–29, and a Motion for Modification of Sentence on May 12, 2015, ECF No. 11-1 at 30–31. Both were denied on May 20, 2015. ECF No. 11-1 at 30; *see supra* note 4. These motions would have triggered 28 U.S.C. § 2244's tolling provision if the 2014 revocation had been final. *See Wall v. Kholi*, 562 U.S. 545, 558–59 (2011) (finding a state motion for reduction of sentence qualified as an application for collateral review within meaning of tolling provision); *see also Mitchell v. Green*, 922 F.3d 187, 195–96 (4th Cir. 2019) (holding that Md. Rule 4-345 motions trigger the tolling provision).

[9] Md. Code Ann., Cts. & Jud. Proc. § 12-301, which generally authorizes an "'appeal from a final judgment entered in a civil or criminal case,' does not apply to habeas corpus cases." *Gluckstern v. Sutton*, 574 A.2d 898, 908 (1990). "An appeal may be taken from a final order in a habeas corpus petition only where specifically authorized by statute." *Id.* The Court is not aware of any statutory authorization here.

[10] France did not file any other motions for post-conviction or collateral review, which would have again tolled the statute of limitations, before July 5, 2017. ECF No. 1-4 at 8–9.

petition until March 5, 2020. ECF No. 1-6 at 1 (postmark date). The petition is untimely, and the record does not demonstrate a basis for equitable tolling.[11]

The Court thus denies France's Petition for Writ of Habeas Corpus as untimely and need not consider Respondent's cognizability argument.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S.Ct. 759, 773 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

This Court finds that France has not made the requisite showing. Therefore, a certificate of appealability shall not issue. France may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

---

[11] France's 2018 Motion to Correct Illegal Sentence concerned the 2014 revocation proceedings. ECF No. 1-4 at 30–33. Although as France notes, an illegal sentence may be corrected by the sentencing court at any time, France's Motion to Correct Illegal Sentence did not toll the federal habeas limitations period applicable to this case because it was filed after the limitations period expired. *See Smith v. McGinnis*, 208 F.3d 13, 16–17 (2d Cir. 2000) (explaining that a state collateral proceeding commenced after the one-year limitations period has already expired does not "reset" the start of the limitations period).

14

## V. CONCLUSION

For the foregoing reasons, France's Petition for Writ of Habeas Corpus shall be dismissed, and a certificate of appealability shall not issue; Petitioner's Motion for Emergency Transfer, Petitioner's Motion to Strike Respondent's Limited Answer, Petitioner's Motion for Appointment of Counsel, and Petitioner's Motion for Extension of Time to File a Reply are denied; and Respondent's Motion for Extension of Time is granted.

A separate Order shall issue.

___7/6/2021_____
Date

/s/_____
GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE